# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

**KATINA WATERS**, *Individually,*
*and on behalf of herself and others similarly*
*situated current and former employees*,

    Plaintiff,

v.

**THE PAVILION ASSISTED LIVING, LLC** and
**HAROLD BONE, JR.,** Individually

    Defendants

No. _____

**FLSA Multi-Plaintiff Action**
**JURY DEMANDED**

## ORIGINAL FLSA MULTI-PLAINTIFF ACTION COMPLAINT

Named Plaintiff, Katina Waters ("Plaintiff"), individually, and on behalf of herself and all other similarly situated hourly-paid certified nursing assistants, bring this Fair Labor Standards Act ("FLSA") Multi-Plaintiff action against The Pavilion Assisted Living, LLC and Harold Bone, JR., individually ("Defendants") and states as follows:

### I.    INTRODUCTION

1. This lawsuit is brought against Defendants as a multi-plaintiff action under the FLSA, 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiff and other similarly situated certified nursing assistants.

2. Defendants violated the FLSA by failing to pay Plaintiff and those similarly situated for all hours worked over eighty (80) within bi-weekly pay periods at one and one-half times their regular hourly pay rate.

## II. PARTIES

3. Plaintiff Katina Waters has been employed by Defendants as an hourly-paid certified nursing assistant during all times material to this action. Plaintiff Waters' consent to join form is attached as *Exhibit A*.

4. Defendant, The Pavilion Assisted Living, LLC., is a Tennessee limited liability company headquartered at 680 Tennessee Boulevard, Lebanon, Tennessee 37087-1724. Defendant's registered agent for service of process is Harold Gordon Bone, JR., 680 Tennessee Boulevard, Lebanon, Tennessee 37087-1724.

5. Defendant Harold Bone, JR., has been the CEO of Defendant, The Pavilion Assisted Living, LLC, during all times material herein. He may be served with process at 680 Tennessee Boulevard, Lebanon, Tennessee 37087-1724.

6. Defendant Harold Bone, JR., has been responsible for implementing and administrating the pay policies and practices of The Pavilion Assisted Living, LLC, during all times material to this action.

7. As such, he is jointly liable to Plaintiff and those similarly situated for all FLSA violations addressed herein.

## III. JURISDICTION AND VENUE

8. This Court has jurisdiction over this lawsuit because the suit arises under 29 U.S.C. § 201 *et seq*.

9. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) and (c) because Plaintiff was employed by and worked for Defendants within this district. Defendants have conducted business within this district at all times that are material to this action.

## IV. COVERAGE

10. Defendants have been an "employer" within the meaning of 29 U.S.C. § 203(d) during all times material.

11. Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r) during all times material herein.

12. Defendants engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because Defendants have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had had annual gross revenue of not less than $500,000 during all times material to this action.

13. Defendants have been the "employer" of Plaintiff and those similarly situated, as that term is defined by §203(d) of the FLSA.

14. Plaintiff and similarly situated certified nursing assistants have been "employees" of Defendants as that term is defined in the FLSA, and such employees have engaged in commerce or the production of goods for commerce on behalf of Defendants, as defined by 29 U.S.C. §§ 206– 207, during all times material to this action.

## V. ALLEGATIONS

15. Defendant The Pavilion Assisted Living, LLC, provides assisted living services to senior citizens of Smyrna, Lebanon, and Carthage, Tennessee.

16. Plaintiff and those similarly situated were employed by Defendants as certified nursing assistants during all times material to this action.

17. Plaintiff Harold Bone, JR., has been the CEO of Defendant The Pavilion Assisted Living, LLC, and has been responsible for implementing and administering its pay policies and practices at all material times.

18. He is therefore jointly liable to Plaintiff and those similarly situated for all Defendants' FLSA violations, as addressed herein.

19. At all times material to this action, Defendants have had a timekeeping system to record the hours worked by Plaintiff and those similarly situated.

20. Plaintiff and those similarly situated worked 80 hours or more within bi-weekly pay periods during all times material to this action.

21. Defendants have had a common practice of failing to pay Plaintiff and those similarly situated for all their overtime hours worked either by a failure to record such overtime hours into its timekeeping system or editing out such overtime hours from its timekeeping system.

22. Defendants routinely and regularly require certified nursing assistants to remain on duty, subject to interruption during meal breaks.

23. Defendants do not pay certified nursing assistants for their 30-minute meal periods during their shifts even though they must remain vigilant, responsive, and on duty for any patient needs that might arise during their unpaid meal breaks due to their inherent ethical obligations to their patients.

24. Considering Plaintiff and those similarly situated worked 80 hours or more within bi-weekly pay periods without counting the unpaid meal break times, when such unpaid meal times are added to their bi-weekly earned hours, such unpaid meal times are to be counted as overtime hours.

25. As a result, Defendants have failed to pay Plaintiff and those similarly situated for all their compensable unpaid 30-minute meal breaks at one and one-half times their regular hourly rates of pay within bi-weekly pay periods during all times material.

26. Defendants have been aware they were not compensating Plaintiff and those similarly situated for all their unpaid overtime hours at the applicable FLSA overtime compensation rates of pay within bi-weekly pay periods during all times material.

27. Plaintiff's unpaid overtime wage claims and those similarly situated are unified through a standard theory of Defendants' FLSA violations.

28. Defendants' common practice of failing to compensate Plaintiff and those similarly situated for all their compensable overtime hours at the applicable FLSA overtime rates of pay violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

29. Defendants' failure to compensate Plaintiff and those similarly situated for their unpaid overtime hours was willful with reckless disregard to the FLSA overtime compensation requirements and without a good faith basis.

30. Due to Defendants' lack of a good faith basis and willful failure to pay Plaintiff and those similarly situated in compliance with the overtime requirements of the FLSA, they have suffered lost wages in terms of lost overtime compensation and other damages.

31. The net effect of Defendants' common practice of failing to pay Plaintiff and those similarly situated one-and-one-half times their regular hourly rates of pay for all hours worked over 80 within bi-weekly pay periods during all times material to this action was to unjustly enrich themselves and enjoy ill-gained profits at the expense of Plaintiff and those similarly situated.

## VI. **FLSA MULT-PLAINTIFF ACTION ALLEGATIONS**

32. Plaintiff brings this lawsuit as a multi-plaintiff action on behalf of herself and those similarly situated under 29 U.S.C. § 216(b) to recover from Defendants unpaid overtime compensation, liquidated damages, statutory penalties, attorney's fees and costs, and other related damages.

33. More particularly, Plaintiff brings this action on behalf of herself and the following similarly situated persons:

   > All current and former hourly-paid certified nursing assistants of Defendants who have performed work for Defendants anywhere in the United States during the applicable limitation's period (*i.e.* two (2) years for FLSA violations and three (3) years for willful FLSA violations) up to and including the date of final judgment in this matter including the Named Plaintiff and those who elect to join this action pursuant to the FLSA, 29 U.S.C. *§* 216(b). (Collectively, "potential plaintiffs").

34. Plaintiff and potential plaintiffs to this action are "similarly situated" as the term is defined in 29 U.S.C. §216(b) because, *among other things*, Defendants employed a common pay practice that resulted in a failure to pay Plaintiff and potential plaintiffs for all hours worked over eighty (80) within bi-weekly pay periods at one and one-half times their regular hourly rates of pay, as required by the FLSA, and as previously described.

35. This action is properly maintained as a multi-plaintiff action because Plaintiff and potential plaintiffs have been similarly deprived of overtime compensation due to Defendants' unlawful pay practices.

36. Plaintiff and potential plaintiffs are similarly situated because their unpaid overtime wage claims are unified through a standard theory of Defendants' FLSA violations.

6

37. The multi-plaintiff action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to Plaintiff and potential plaintiffs. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts, and substantially impair the ability of the Plaintiff and potential plaintiffs to protect their interests.

38. The plaintiff will fairly and adequately protect the interests of potential plaintiffs as her interests are in complete alignment with those of potential plaintiffs, i.e., to pursue their aforementioned unpaid overtime compensation claims.

39. Counsel for Plaintiff will adequately protect her interests as well as the interests of all potential plaintiffs.

40. Defendants knew Plaintiff and those similarly situated performed compensable overtime work within bi-weekly pay periods during all times material without compensating for such unpaid overtime time at the applicable FLSA overtime compensation rates of pay.

41. Defendants' conduct, as alleged herein, was willful with reckless disregard to the FLSA overtime requirements, which conduct has caused significant damages to Plaintiff and potential plaintiffs.

42. Defendants do not have a good faith basis for failing to compensate Plaintiff and potential plaintiffs for all their compensable overtime hours at the applicable FLSA overtime rates of pay within bi-weekly pay periods during all times material to this action.

43. Thus, Defendants are liable to Plaintiffs and potential plaintiffs under the FLSA for failing to properly compensate them for their unpaid overtime.

44. The plaintiff requests this Court to facilitate notices to potential plaintiffs to inform them

7

Case 3:24-cv-01318    Document 1    Filed 11/04/24    Page 7 of 11 PageID #: 7

of the pendency of this action and their right to join this lawsuit pursuant to 29 U.S.C. § 216(b) to seek unpaid overtime compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

45. Plaintiff does not know the precise number of potential plaintiffs as of this time, but this can be easily ascertained in part by examining Defendants' payroll, scheduling, timekeeping, personnel, and other work-related records and documents.

46. Given the composition and number of potential plaintiffs, they may be informed of the pendency of this action directly via U.S. mail, e-mail, text messaging, and by posting a notice at all of the Defendants' facilities.

## COUNT I
**(Violation of the Fair Labor Standards Act)**

47. Plaintiff incorporates all preceding paragraphs as fully as if written herein by reference.

48. Plaintiff and potential plaintiffs have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b), at all relevant times, as previously described.

49. Defendants failed to pay Plaintiff and those similarly situated one and one-half times their regular hourly rates for all hours worked over 80 within bi-weekly pay periods during all times material herein - as previously addressed.

50. Defendants' practice of failing to pay Plaintiff and potential plaintiffs for all their overtime hours within bi-weekly pay periods at the applicable FLSA overtime compensation rates of pay during all times material violated the overtime provisions of the FLSA – as previously described.

51. Through its actions, inactions, and practices, Defendants have violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and potential plaintiffs for all hours worked more than eighty (80) within bi-weekly pay periods at one-and-one-half times their

regular hourly rates during all times material to this action.

52. Defendants' actions were willful with reckless disregard to clearly established FLSA provisions.

53. Defendants do not have a good faith basis for their conduct.

54. The unpaid overtime claims of the Plaintiff and potential plaintiffs are unified through a common theory of Defendants' FLSA violations.

55. As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff and potential plaintiffs have suffered and will continue to suffer a loss of income and other damages.

56. Therefore, Defendants are liable to Plaintiff and potential plaintiffs for actual damages, liquidated damages, and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually, and on behalf of potential plaintiffs, requests the Court to enter judgment in their favor on this Complaint and:

a) Promptly facilitate notices pursuant to 29 U.S.C. § 216(b), apprising potential plaintiffs of the pendency of this action and permitting potential plaintiffs to assert timely FLSA claims in this action by filing individual consents to join under 29 U.S.C. § 216(b);

b) Award Plaintiffs and potential plaintiffs who join this action FLSA statutory damages against Defendants;

c) Award Plaintiff and potential plaintiffs who join this action all unpaid overtime compensation against Defendants;

d) Award Plaintiff and potential plaintiffs who join this action liquidated damages in accordance with the FLSA against Defendants;

e) Award Plaintiff and those similarly situated prejudgment interest (to the extent that liquidated damages are not awarded);

f) Award Plaintiff and those similarly situated post-judgment interest and court costs as allowed by law;

g) Find and declare that Defendants' violations of the FLSA were willful, and accordingly, apply the three (3) year statute of limitations under the FLSA to this action;

h) Award Plaintiff and those similarly situated reasonable attorney's fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

i) Allow Plaintiff to amend her Complaint, if necessary, as new facts are discovered;

j) Provide additional general and equitable relief to which Plaintiff and potential plaintiffs may be entitled; and

k) Provide further relief as the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: November 4, 2024.    Respectfully Submitted,

*s/J.Russ Bryant*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
J. Joseph Leatherwood IV (TN BPR #39490)
Joshua Autry (TN BRP #041423)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*jbryant@jsyc.com*
*jleatherwood @jsyc.com*
*jautry@jsyc.com*

***ATTORNEYS FOR PLAINTIFF***
***AND FOR OTHERS SIMILARLY SITUATED***